## Andrew Cudziak, Appellee, v. Morris & Company, Appellant.

## Gen. No. 4,939.

NEGLIGENCE—*when evidence does not connect defendant.* Held, that the evidence in this case did not connect the defendant, against whom judgment was rendered, with the negligence charged.

Action in case for personal injuries. Appeal from the Circuit Court of Kane county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

Winston, Payne, Strawn & Shaw, for appellant; Edward W. Everett, of counsel.

Johnson, Belasco & McCabe and Murphy & Alschuler, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Appellee was working at night as an oiler in a building used for the manufacture of fertilizers at the Union Stock Yards in Chicago. He went upon a platform to oil certain machinery, and slipped and fell and was caught in the machinery and was injured thereby. He brought this suit in the Circuit Court of Kane county to recover damages therefor, alleging negligence of his employer in directing him to go upon the platform while it was slippery, and in leaving the machinery unguarded. He named as defendants Morris & Company, a corporation; Fairbanks Canning Company, a corporation; and Nelson Morris, Edward Morris and Ira N. Morris, partners doing business as Nelson Morris & Company. Service was had only upon the corporation Morris & Company, and it was the only defendant which appeared. It filed a plea of not guilty, and a special plea to the effect that it did not own, operate, control or use the plant described in the declaration, and that the plaintiff was not then and there in the employ of said defendant and was not then and there working as a laborer under the direction and control of said Morris & Company, as alleged in the declaration and each count thereof. Issue was joined upon these pleas, and upon a trial appellee had a verdict and a judgment against Morris & Company, from which it appeals.

Appellee proved by certain witnesses that he was working for Morris & Company. On cross-examination it was shown that they only judged so because there were many signs reading "Morris & Co." upon fences and buildings in that part of the stock yards, and that

they could not read English and only knew how the signs
read by what others told them or by the supposed re-
semblance of the English language to Polish. Appellee
testified he worked for appellant, and that the tag he
wore when at work read "M. & Co." A lawyer's clerk,
who made a practice of bringing such cases to his em-
ployer, testified that there were signs reading "Morris
& Co." all about there, and he found and produced a
blank receipt running to Morris & Company, which he
found at the cashier's desk at the main office of ap-
pellant. But he did not know in what building appellee
worked, nor what signs were on that building, nor did
he know for whom appellee worked except from what
appellee told him. The proof for appellant clearly
showed that the fertilizing plant at which appellee
worked and was injured was operated exclusively by
the firm of Nelson Morris & Co. The oiler, whose place
appellee took on the night of the accident, testified that
both he and appellee were working for Nelson Morris
& Company. The timekeeper testified to the same fact.
Time checks used in the fertilizing plant were identi-
fied by two or more witnesses and were introduced in
evidence, and read "N. M. & Co.", and there was proof
that no time checks of Morris & Company were ever
used in the fertilizing plant. The night foreman for
Nelson Morris & Company testified that appellee was
working under him when injured. The assistant night
foreman testified that the fertilizing plant was oper-
ated by Nelson Morris & Company. Samples of the
shipping tags placed upon the product shipped from
this establishment were identified and put in evidence,
and they contained analyses of the product, guaranteed
by Nelson Morris & Company. The proof shows that in
that vicinity were buildings wherein business was car-
ried on by appellant, and that appellant's signs were
abundant in that locality. But the proof is clear and
convincing that appellee was at work for Nelson Morris
& Company in the plant or factory where that firm
manufactured a fertilizer, and that the only signs upon

that building read "Nelson Morris & Company," and that he was not working for appellant. There is no claim that any one but appellee's employers are responsible for his injury. It follows that this judgment cannot stand. It is to be regretted that this suit was not brought in the county where the accident happened and where all the parties named as defendants could have been served with process.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*